## CALLAN v. EXPOSITION COTTON MILLS.

ATKINSON, J. 1. Where a manufacturer whose business requires the employment of a large number of laborers skilled in a particular trade, who are employed under contracts terminable at will, determines to operate the business on a non-union basis, and to that end makes a rule that no person who belongs to a labor union shall be employed in the business, and that if any employee should at any time join a labor union his employment shall immediately cease, and such rule is promulgated among all of the employees and assented to by them impliedly by continuing to work under the rule after its promulgation, or expressly, the employer has a contractual status with the employees so assenting. Where the employer has such relation with his employees, equity will protect it by injunction as against strangers who, knowing of the status, conspire to coerce the employer to abandon the policy of employing non-union labor, and to cause a breach of the contractual relation between the employer and employees, and who in pursuance of such conspiracy make inflammatory speeches to the employees at and near the business place of the employer, denunciatory of the business and its owners, endeavoring by such means to induce the employees to violate their contracts of employment by joining a labor union in such large numbers as would force the employer to assent to the unionizing of the laborers, or as would render it impossible to continue the operation of the business. Hitchman Coal Co. v. Mitchell, 245 U. S. 229 (38 Sup. Ct. 65, 62 L. ed. 260, L. R. A. 1918C, 497, Ann. Cas. 1918B, 461).

2. Under the pleadings and evidence the judge did not err in granting an interlocutory injunction.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*
         No. 1131. MAY 14, 1919.

Injunction. Before Judge Pendleton. Fulton superior court. July 18, 1918.

*Paul Donehoo* and *James L. Mayson,* for plaintiffs in error.
*Winfield Payne Jones,* contra.